## Sternberg, Appellant, v. Lakoff.

*Practice, Superior Court—Assumpsit—Appeal—Case conducted by plaintiff in person—No error shown.*

In an action of assumpsit to recover money alleged to have been deposited with the defendant to guarantee payment of certain accounts, where the defense was a denial that such deposit had been made, and, further, an averment that, if it had, recovery would be barred by reason of the fact that the defendant had recently been discharged in bankruptcy, an appeal from verdict and judgment for defendant will be dismissed, if the record shows no reasons for which it could be sustained.

While the paper-book in this appeal disregarded so many of the rules of the Superior Court that the appeal might well have been dismissed for that reason, the court examined the record because

the appellant conducted his case in person, apparently, without the aid of counsel.

Argued December 13, 1921.  Appeal, No. 292, Oct. T., 1921, by plaintiff, from judgment of Municipal Court of Philadelphia, April T., 1921, No. 217, on verdict for defendant, in the case of Benjamin W. Sternberg v. H. M. Lakoff.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Dismissed.

Assumpsit to recover money alleged to have been deposited with the defendant.

The facts are stated in the opinion of the Superior Court.    The paper-book did not contain a statement of questions involved, a history of the case nor assignments of error and was otherwise not in conformity with the rules of court.

Verdict and judgment for defendant.    Plaintiff appealed.

*Benjamin W. Sternberg,* appellant, was heard in person.

No appearance and no printed brief for appellee.

PER CURIAM, March 3, 1922:

Plaintiff sued to recover $156 alleged to have been deposited by him with defendant to guarantee the payment of certain accounts which, it was averred, had been paid by the parties respectively owing defendant.    The affidavit of defense denied the deposit and also averred that recovery on any claim plaintiff might have against defendant was barred by defendant's discharge in bankruptcy.    There was a verdict and judgment for defendant.

Appellant's paper-book disregards so many of our rules essential for the proper consideration of an appeal, that we might well decline to consider it for that reason.

As the case was tried below and argued here by the appellant in person, apparently without the aid of counsel, we have examined the record and find the appeal cannot be sustained.

The appeal is dismissed.